**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action No. 95-00079-KD** |
| | ) | |
| **MANUEL SOTO-HERRERA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Manuel Soto-Herrera's Motion for Relief Pursuant to FED. R. CIV. P. 60(b) and FED. R. CIV. P. 60(d) and All Applicable Subparts. (Doc. 413). For the reasons explained below, the Court lacks jurisdiction, and the motion is due to be **dismissed**.

## I.    BACKGROUND

Soto-Herrera was convicted of 1) conspiracy to import more than 100 kilograms of cocaine and 2) possession with intent to distribute more than 100 kilograms of cocaine. On November 21, 1995, he was sentenced to concurrent life sentences on each count (Doc. 165). Soto-Herrera appealed (Doc. 169) and on October 9, 1997, the Eleventh Circuit affirmed. (Doc. 288).

Soto-Herrera filed his first habeas petition on January 6, 1999 (Docs. 316-318), which the Court denied on January 3, 2000 (Doc. 368). Soto-Herrera appealed the denial (Doc. 371) and filed a motion for a Certificate of Appealability (Doc. 372), which the Court denied on February 14, 2000 (Doc. 373). On June 27, 2000, the Eleventh Circuit denied Soto-Herrera a Certificate of Appealability because he had "failed to make a substantial showing of the denial of a constitutional right[]" under Section 2253(c)(2). (Docs. 382, 384). Following the denial, the

Eleventh Circuit denied Soto-Herrera's application for leave to file a second or successive § 2255 petition (Doc. 385).

In April 2015, the Court reduced Soto-Herrera's sentence to 360 months pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 409).

## II.   DISCUSSION

### a.   Soto-Herrera's Argument

Soto-Herrera moves to the Court to (i) vacate his sentence, judgment and conviction; (ii) release him from custody; (iii) deem the investigation, information, discovery, and all evidence against him tainted; (iv) dismiss this matter with prejudice; and (v) provide all other relief the Court deems just. (Doc. 413 at 25-26).

Soto-Herrera's argument concerns the validity, legality, and propriety of his indictment, conviction, and judgment. He states that two Assistant United States Attorneys, "C. Kandt and J. Don Foster" (Doc. 413 at 4) did not file their Oath of Office and Appointment Affidavits with the Executive Office for United States Attorneys. (Doc. 413 at 4). This failure, Soto-Herrera argues, renders their appointment as Assistant United States Attorneys "invalid and unauthorized." (Doc. 413 at 4). As evidence of their alleged failure to file affidavits, he attached as exhibits to his motion two Freedom of Information Act and/or Privacy Act request responses from the United States Department of Justice Executive Office for United States Attorneys. While inconclusive (because his request was not included) the response from the Freedom of Information and Privacy Staff indicated a search in Executive Office of the United States Attorneys-Personnel did not reveal a responsive record for both C. Kandt and J. Don Foster. (See Doc. 413 at 28-31). Relying on these FOIA responses, he claims the Affidavits "do not exist with

. . . the Department of Justice . . . nor the Executive Office[] of the United States Attorneys."
(Doc. 413 at 3).

He states that the AUSAs probably executed the Appointment Affidavit but neglected to mail it to the Department of Justice. Soto-Herrera proceeds to argue that for an appointment to be effective, an AUSA must both execute an Appointment Affidavit and return it to the Department of Justice. (Doc. 413 at 5). He argues that failure to return them renders the Appointment Affidavits invalid and unauthorized. Due to this lack of authorization, Soto-Herrera asserts the actions by those who failed to comply with the second requirement "bring[] into question the entire validity of the criminal proceedings against [Soto-Herrera] . . . and renders all proceedings null and void from inception. (Doc. 413 at 8).

### b. Discussion of Law

Soto-Herrera moves pursuant to FED. R. CIV. P. 60(b)(3)(4)&(6) and 60(d)(1)&(3). FED. R. CIV. P. 60(b) provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void; [or]
**(6)** any other reason that justifies relief.

FED. R. CIV. P. 60(d) provides:

**(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:

**(1)** entertain an independent action to relieve a party from a judgment, order, or proceeding [or]
**(3)** set aside a judgment for fraud on the court.

"Rule 60(b) simply does not provide for relief from judgment in a criminal case . . . ."

United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam).

The Eleventh Circuit has explained this limited basis as follows:

> The Supreme Court explained in Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005), that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are "not inconsistent with applicable federal statutory provisions," id. at 529, 125 S. Ct. at 2646 (quoting 28 U.S.C. § 2254 Rule 11) (internal marks omitted), and the Antiterrorism and Effective Death Penalty Act does not explicitly limit the operation of Rule 60(b). Id. The Act does, nonetheless, foreclose application of that rule where it would be inconsistent with the restrictions imposed on successive petitions by the AEDPA. Id. at 529-30, 125 S. Ct. at 2646.

> The Supreme Court held in Gonzalez that a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim *on the merits*." Id. at 532, 125 S. Ct. at 2648. Where, however, a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas petition. Id.

Id. at 1293-94.[1]

"When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in Gonzalez, it must comply with the requirements for such petitions under the AEDPA." Id. at 1294. "To file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." Walker v. United States, 367 F. App'x 67, 68 (11th Cir. 2010) (per curiam) (citing 28 U.S.C. § 2244(b)(3)(A)). "'Without authorization, the district court lacks jurisdiction to consider a second

---

[1] Though the Supreme Court in Gonzalez v. Crosby "explicitly limit[ed] its consideration to state prisoner cases[,]" the Eleventh Circuit has held "that the [Rule 60(b) ]standard announced in Gonzalez applies to federal prisoner cases as well." Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc), cert. denied, 132 S. Ct. 1001 (2012).

or successive petition.'" Id. (quoting Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)).[2] As such, before addressing the merits of Soto-Herrera's Rule 60(b) motion, the Court must determine whether it constitutes an unauthorized second habeas petition. "To determine whether a prisoner's *pro se* motion is a second or successive § 2255 motion," the Court should "examine the content of the filing and the relief sought." Id. A party's labeling of a motion is not binding on the Court, which may discard an inappropriate label to render a decision based on the motion's substance. Smith v. U.S. Parole Comm'n, 721 F.2d 346, 348 (11th Cir. 1983) (per curiam).

In United States v. Winston, a pro se federal prisoner appealed a district court's denial of his Federal Rule of Civil Procedure 60(b)(3) motion wherein Winston argued the government acted fraudulently in his criminal proceedings. Winston, 346 F. App'x 520, 521 (11th Cir. 2009). His motion did not contain allegations of fraud in his post-conviction habeas proceedings. Id. This motion was filed after Winston's unsuccessful § 2255 petition. The Court of Appeals held that because Winston challenged the legality of this underlying conviction, his motion was a successive § 2255 petition and therefore the district court lacked jurisdiction. Id. at 522.

**c. Analysis**

Here, Soto-Herrera does not challenge his § 2255 proceedings but instead his underlying criminal conviction and judgment. This challenge contends the criminal proceedings were fraudulent, similar to Winston. He does not allege his previous § 2255 proceedings were fraudulent nor does he attack the integrity of those proceedings. Williams v. United States, 360 F. App'x 34, 36 (11th Cir. 2010) (quoting Gonzalez, 545 U.S. at 532) ("[T]he Court in Gonzalez

---

[2] Moreover, "[w]here a district court lacks subject matter jurisdiction over a Rule 60(b) motion, . . . it also lacks jurisdiction to grant a C[ertificate of Appealability.]" Williams, 510 F.3d at 1294.

held that a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings" should not be construed as a § 2254 petition.").

Because Soto-Herrera "raise[s] a merits challenge to the legality of his underlying conviction[,]" Winston, 346 F. App'x at 522, the 60(b) motion is properly categorized as a successive § 2255 petition. And because Soto-Herrera has failed to comply with the requirement that successive § 2255 petitions must be authorized by the Court of Appeals, this Court lacks jurisdiction to consider his motion.

As to Soto-Herrera's invocation of FED. R. CIV. P. 60(d), the Court notes the Federal Rules of Civil Procedure "does not provide for relief from judgment in a criminal case[,]" Mosavi, 138 F.3d at 1366, and the "Court finds no reason not to conclude that Rule 60(d)(3) of the Federal Rules of Civil Procedure, likewise does not provide for relief from judgment in a criminal case." Hinds v. United States, 2016 WL 5477100, at *5 (S.D. Ala. Sept. 27, 2016) (DuBose, J.).[3]

### III.   Conclusion

Based upon the foregoing, Soto-Herrera's Motion for Relief (Doc. 413) is **DISMISSED** for lack of jurisdiction.

The Clerk is directed to mail a copy of this Order to Soto-Herrera.

**DONE** and **ORDERED** this the 22nd day of March 2018.

> **/s/ Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] Even were this not so, motions under Rule 60(d) "are subject to the same successive petition restrictions that govern motions under Rule 60(b)." United States v. Vanegas-Vera, 2010 WL 6830351, at *5 (S.D. Fla. Nov. 22, 2010), report and recommendation adopted, 2011 WL 2620331 (S.D. Fla. July 1, 2011).